IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/<br>　　　　　Respondent,<br><br>　　vs.<br><br>JOSE LUIS RODRIGUEZ,<br><br>　　　　　Defendant/<br>　　　　　Movant. | No. CR-F-99-5468 OWW<br><br>ORDER DENYING MOTION FOR<br>REDUCTION OF SENTENCE<br>PURSUANT TO 18 U.S.C. § 3621<br>(Doc. 22) |

Movant pleaded guilty to one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On July 9, 2001, Judge Robert E. Coyle sentenced Movant to 108 months imprisonment and recommended that movant participate in the 500-hour Bureau of Prisons Substance Abuse Treatment Program.

On June 4, 2007, Movant filed a motion for reduction of his

1

sentence pursuant to 18 U.S.C. § 3621(e)(2)(B).[1]

Movant submits a copy of a Certificate of Completion of the 500-Hour Residential Drug Abuse Program issued to Movant by the BOP on May 3, 2007. Movant contends that, because he is an illegal alien, the BOP does not have authority under Section 3621(e)(2)(B) to reduce his sentence, that only the sentencing court has that authority, and that "[a]t the time the Defendant was sentenced, Judge Coyle made an agreement in open Court that upon the Defendant completing the Residential Substance Abuse Treatment Program, he would reduce his term of imprisonment."

Movant's contention is without merit. At movant's sentencing by Judge Coyle on July 9, 2001, the following occurred:

> MR. REYES: ... The only thing we would like to add to the report, your Honor, basically is that the report identifies that at the time of the arrest Mr. Jose Luis Rodriguez was extremely high on drugs. Crack cocaine appeared to be his drug of choice, and the recommendation from probation identifies that in his drug history, and it recommends a 500-hour drug treatment program while in the Bureau of Prisons. My understanding has been that sometimes -- he is a noncitizen -- that they may or may not give him the full benefit or credit of that 500-hour program reduction. So we would intend that when he does commence

---

[1] 18 U.S.C. § 3621(e)(2)(B) provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

|     |     |
| --- | --- |
| 1   | that program, that we may come back to this court, if they do not, with the hope that this court would give him some form of credit or some form of reduction by way of Rule 35 or otherwise for his participation.  That is a Bureau of Prisons issue, but if they do not give it to him, we would like this court to later on do something, and we would like to come back to this court.  I wish to identify that now. |

1  that program, that we may come back to this
2  court, if they do not, with the hope that
3  this court would give him some form of credit
   or some form of reduction by way of Rule 35
4  or otherwise for his participation.  That is
   a Bureau of Prisons issue, but if they do not
5  give it to him, we would like this court to
   later on do something, and we would like to
6  come back to this court.  I wish to identify
   that now.

7  THE COURT: When reviewing the probation
   report, unless I am convinced otherwise, the
8  court will recommend the Bureau of Prisons
   500-hour substance abuse program that appears
9  to be an appropriate and proper
   recommendation.  If the Bureau of Prisons
10 does not follow the recommendation and there
   is any return her for any purpose, Mr. Reyes,
11 the only comment that I would have would be
   in a -- whatever information you had that
12 there was an improper refusal, I can't run
   the Bureau of Prisons, but on the other hand
13 if --

14 MR. REYES: If he doesn't, though, we would
   just like to get him the appropriate credit,
15 and maybe we can do that.  If it doesn't come
   out of BOP, may it can come out of this
16 court.

17 THE COURT: I doubt that, but we will address
   that when we get to that point, and hopefully
18 we won't.

19 ...

20 THE COURT: Mr. Rodriguez, is there anything
   you wish to say in your own behalf, sir?

21 THE DEFENDANT: No.

22 THE COURT: Ms. Servatius?

23 MS. SERVATIUS: Your Honor, as to the drug
   treatment program, it sounds like a good
24 idea, and I think the BOP would have no
   problems putting the defendant in it.  My
25 experience is the problem comes in that
   normally BOP, if the person completes it
26 successfully, might release the individual

3

1 **and serve the last six months of their**
2 **sentence in a halfway house; however, the**
**defendant, because he is an illegal alien,**
3 **doesn't qualify for that because he will be**
**going into INS custody.  If he is serious**
4 **about getting his, there is no provision in**
**the law for coming back to the court under**
5 **Rule 35.  The defendant's only recourse would**
**be a 24(b)(1) if the BOP wrongly denied him**
6 **the drug treatment program, but the BOP**
**decision has been upheld when they don't**
7 **release him for six months, and the Ninth**
**Circuit says there is no problem there.**
8 **Under 2255 it wouldn't apply, because it**
**would just deal with BOP policy.  So as long**
9 **as the defendant knows up front that he is**
**probably not going to be successful coming**
10 **back to this court, I think that I have no**
**problem with the recommendation for the drug**
11 **program, and I would ask that because he has**
**been given such a great deal on his sentence,**
12 **instead of taking the 20-year mandatory**
**minimum, because of his prior, down to 108, I**
13 **would ask the court to follow the**
**recommendation of the probation office.**

14 **The sentencing transcript establishes that Judge Coyle made**
15 **no promise to Movant that Judge Coyle would reduce Movant's**
16 **sentence if Movant successfully completed the BOP drug abuse**
17 **treatment program.**

18 **Section 3621(e)(2)(B) does not provide this Court with**
19 **authority to reduce Movant's sentence because the statute**
20 **expressly limits that authority to the Bureau of Prisons.**
21 **Movant's contention that, in the case of an illegal alien who**
22 **successfully completes the BOP drug abuse treatment program, only**
23 **the Court has authority to reduce the sentence is belied by the**
24 **terms of Section 3621(e)(3)(B) and is unsupported by any other**
25 **authority.**
26 **///**

4

**For the reasons stated above, Movant's motion for reduction of sentence pursuant to 18 U.S.C. § 3621(e)(2)(B) is DENIED.**

IT IS SO ORDERED.

**Dated:   June 18, 2007**                              /s/ Oliver W. Wanger
                                                                     UNITED STATES DISTRICT JUDGE